ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

CYNTHIA FREY (DCBN 475889)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Cynthia.Frey@usdoj.gov
    William.Frentzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 17-0175 CRB <br> ) <br> ) **REQUEST FOR AUTHORIZATION TO** <br> ) **DISCLOSE CERTAIN GRAND JURY** <br> ) **MATERIAL PURSUANT TO FED. R. CRIM. P.** <br> ) **6(E)(3)(E); AND [PROPOSED] ORDER** |
| Plaintiff, | |
| v. | |
| CLIFTON BURCH, and PETER MCKEAN, | |
| Defendants. | |

      The United States requests an order pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E), permitting the United States to disclose certain grand jury materials to defense counsel in anticipation of the upcoming trial scheduled in the above-referenced matter and in accordance with the *Jencks* Act, 18 U.S.C. § 3500, *et seq*.

      Rule 6(e) provides a general rule of grand jury secrecy for "matter[s] occurring before the grand jury," but Rule 6(e)(3)(E) permits disclosure "preliminarily to or in connection with a judicial proceeding" in a manner and subject to any conditions directed by the Court. The United States requests that the Court authorize limited disclosure of grand jury materials to counsel for the defendant and

U.S.' REQUEST TO DISCLOSE & [PROPOSED] ORDER
CR 17-0175 CRB

1

submits the following:

1. The Grand Jury returned an indictment against the defendants for the conduct at issue in this matter on April 6, 2017 and a superseding Indictment was returned on November 8, 2018;

2. The matter is currently set for trial before this Court on January 14, 2019;

3. The United States requests this Court's authorization to disclose to counsel for the defendants certain grand jury material, namely, any transcripts of the testimony of any witness the United States expects to testify at trial, to comply with the *Jencks* Act; and

4. Due to the procedural posture of this case, allowing limited disclosure of grand jury materials in preparation for or use by the parties at trial would not frustrate the broad societal interest in maintaining grand jury secrecy.

DATED: December 20, 2018                    Respectfully submitted,

                                            ALEX G. TSE
                                            United States Attorney

                                            _____/s/_____
                                            CYNTHIA FREY
                                            WILLIAM FRENTZEN
                                            Assistant United States Attorneys

# [~~PROPOSED~~] ORDER

Having considered the United States' Request For Authorization To Disclose Certain Grand Jury Material Pursuant To Fed. R. Crim. P. 6(e)(3)(E) and the applicability of Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, it is hereby ORDERED that:

1. The attorneys for the United States may disclose to counsel for the defendant any grand jury materials that need to be disclosed under normal circumstances, pursuant to the *Jencks* Act, 18 U.S.C. § 3500, *et seq*.

2. Defense counsel shall not make any copies or duplicates of the grand jury material disclosed pursuant to this Order.

3. Except as permitted by Fed. R. Crim. P. 6(e), this Order, or any other court order, defense counsel shall not disclose any grand jury materials or the contents thereof to any other person, provided that, for the sole purpose of preparing for trial:

   a. defense counsel may use their knowledge of grand jury materials to interview prospective witnesses;

   b. defense counsel may show a prospective witness, or his or her own counsel, a transcript of that witness' <u>own</u> testimony; and

   c. defense counsel may allow secretaries, clerical workers, paralegals, contract personnel and experts, retained to assist in the preparation of this case for trial, to view grand jury materials solely for the purpose of preparing for the trial of this case.

4. Except as permitted by Fed. R. Crim. P. 6(e), each person to whom grand jury materials have been shown or their contents disclosed pursuant to Paragraph 3 of this Order, shall be informed of his or her responsibilities under this Order by defense counsel and shall not disclose the contents thereof to anyone other than counsel for the parties or his or her own counsel, who shall not be permitted to further disclose such material.

5. Nothing contained herein shall restrict or prevent any party from offering any materials into evidence or citing any materials in papers filed in this case.

1  6. All grand jury materials disclosed pursuant to this Order shall either be promptly destroyed or returned to the United States after this case is disposed of by trial, appeal, if any, or other resolution of the charges against the defendant.

IT IS SO ORDERED.

DATED: <u>December 21, 2018</u>

HON. CHARLES R. BREYER
United States District Judge

U.S.' REQUEST TO DISCLOSE & [PROPOSED] ORDER
CR 17-0175 CRB

4